444 F.3d 147
 NEW YORK ASSOCIATION OF HOMES AND SERVICES FOR THE AGING, INC., individually and on behalf of its Residential Health Care Facility Members located in the State of New York, John J. Foley Skilled Nursing Facility, Wyoming County Community Hospital and Skilled Nursing Facility, the Meadows, Suffolk County Skilled Nursing Facility, and Andrew Michaud Nursing Home, Plaintiffs-Appellants,
v.
Barbara Ann DEBUONO, as Commissioner of Health of the New York State Department of Health, Dennis P. Whalen, as Acting Director of the Office of Health Systems Management of the New York State Department of Health, Brian J. Wing, as Acting Commissioner of the New York State Department of Social Services, Patricia A. Woodworth, as Director of the Budget of the State of New York, State of New York, Antonia Novello, as Commissioner of the New York State Department of Health, Wayne M. Osten, as Director of the Office of Health Systems Management of the New York State Department of Health, H. Carl McCall, as Comptroller of the State of New York, Robert L. King, as Director of the Budget of the State of New York, Director of the Office of Health Systems Management of the New York State Department of Health, and Carol E. Stone, as Director of the Budget of the State of New York, Defendants-Appellees,
Health Care Association of New York State, individually and on behalf of its Residential Health Care Facility Members and Hospital Members Owning or Operating Residential Health Care Facilities, New York State Association of Counties, individually and on behalf of 41 of its Member Counties that Own and Operate Residential Health Care Facilities in the State of New York, Plaintiffs.
Docket No. 04-3448-CV.
 United States Court of Appeals, Second Circuit.
 Argued: April 27, 2005.
 Decided: April 6, 2006.
 
 Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.) granting defendants-appellees' motion for summary judgment, denying plaintiffs-appellants' motion for summary judgment, and dismissing plaintiffs-appellants' state law claims without prejudice. Because the challenges to the New York State budget measures aimed at controlling Medicaid costs are either barred by the Eleventh Amendment or are not susceptible to enforcement by the plaintiffs-appellants, we affirm the district court for the reasons stated in its Memorandum Decision and Order, reported at 318 F.Supp.2d 30 (N.D.N.Y.2004).
 Affirmed.
 Kathy H. Chin, Cadwalader, Wickersham & Taft LLP, New York, NY, for Plaintiffs-Appellants.
 Victor Paladino, Assistant Solicitor General of the State of New York (Eliot Spitzer, Attorney General of the State of New York, Andrea Oser, Assistant Solicitor General for the State of New York, on the brief), Albany, NY, for Defendants-Appellees.
 Before: NEWMAN, MCLAUGHLIN, and HALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 In a series of complaints beginning in 1995, with the most recent filed in 2003, Plaintiffs-Appellants New York Association of Homes and Services for the Aging, Inc., a non-profit corporation whose membership includes approximately 300 residential health care facilities, and certain individual nursing facilities ("plaintiffs"), brought this action against New York State and its various agencies and employees ("defendants") challenging a number of budget measures aimed at controlling Medicaid reimbursement costs.
 
 
 2
 Plaintiffs alleged that the cost-control measures, enacted as part of New York State's annual budget, violated various provisions of federal and state law, as well as the United States Constitution. Plaintiffs claimed, inter alia, that the challenged measures violated the now-repealed Boren Amendment, 42 U.S.C. § 1396a(a)(13)(A) (repealed 1997), as well as the current requirements of 42 U.S.C. §§ 1396a(a)(13)(A) and 1396a(a)(30)(A).
 
 
 3
 In a Memorandum Decision and Order entered May 19, 2004, the United States District Court for the Northern District of New York (Hurd, J.) held that plaintiffs' Boren Amendment claims were barred under the Eleventh Amendment. 318 F.Supp.2d 30, 37-38 (N.D.N.Y.2004). The court further held that health care providers had no enforceable federal rights under §§ 1396a(a)(13)(A) and 1396a(a)(30)(A). Id. at 38-40. The district court granted defendants' motion for summary judgment on the federal claims, denied plaintiffs' motion for summary judgment, and dismissed the state law claims without prejudice. Id. at 42
 
 
 4
 We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-movant and affirming if there is no triable issue of material fact and the movant is entitled to judgment as a matter of law. See, e.g., Kapps v. Wing, 404 F.3d 105, 112 (2d Cir.2005). Having carefully considered all the arguments raised on appeal, we affirm for the reasons set forth in the district court's well-reasoned Memorandum Decision and Order.
 
 
 5
 The decision of the district court is hereby AFFIRMED.